```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                              :
GREGORY MACDONALD BERRY,      :
                              :
          Petitioner,         :   Civ. No. 18-16217 (NLH)
                              :
     v.                       :   OPINION
                              :
U.S. ATTORNEY GENERAL,        :
                              :
          Respondent.         :
_____:
```

APPEARANCE:
Gregory MacDonald Berry, No. 33886-112
FCI – Fairton
P.O. Box 420
Fairton, NJ 08320
    Petitioner Pro se

HILLMAN, District Judge

Petitioner Gregory MacDonald Berry seeks to bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prepayment of fees or security and seeks to proceed in forma pauperis. See ECF No. 1 (petition), 1-1 (IFP application).

Filing Fee

The filing fee for a petition for writ of habeas corpus is $5.00. Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing. Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas corpus and seeks to proceed in forma pauperis, that petitioner must submit: (a)

an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings; and (b) a certification signed by an authorized officer of the institution certifying: (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's institutional account during the six-month period prior to the date of the certification. If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. L. Civ. R. 81.2(c).

Here, Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit a complete application for leave to proceed in forma pauperis. Specifically, although Petitioner has submitted an application to proceed in forma pauperis, he has not included the required Affidavit of Poverty and Certification, which is necessary to assess Petitioner's indigency.

Conclusion

For the reason set forth above, the application to proceed in forma pauperis will be denied and the Clerk of Court will be ordered to administratively terminate this action without prejudice.[1] Petitioner will be granted leave to apply to re-open

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-

2

within thirty (30) days, by paying the filing fee of $5.00, or submitting a completed application to proceed in forma pauperis. An appropriate Order will be entered.

Dated: November 20, 2018          s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.

---

opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).