```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                   :
GREGORY MACDONALD BERRY,           :
                                   :
          Petitioner,              :   Civ. No. 18-16217 (NLH)
                                   :
     v.                            :   OPINION
                                   :
WARDEN, FCI FAIRTON,               :
                                   :
          Respondent.              :
_____:
```

APPEARANCES:
Gregory MacDonald Berry, No. 33886-112
FCI Fairton
P.O. Box 420
Fairton, NJ 08320
    Petitioner Pro se

Anne B. Taylor, Esq.
John Andrew Ruymann, Esq.
Office of the U.S. Attorney
401 Market Street
Camden, NJ 08101
    Counsel for Respondent

HILLMAN, District Judge

    Petitioner Gregory MacDonald Berry, a prisoner presently confined at the Federal Correctional Institution ("FCI") at Fairton in Fairton, New Jersey, filed this Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, asserting that "the execution of [his] sentence was unlawfully imposed."  ECF No. 4.  Respondent filed a Motion to Dismiss the Amended Petition in which he argues that the Amended Petition should be dismissed for lack of jurisdiction.  ECF No. 15.  Petitioner

filed an opposition to the Motion.  ECF No. 16.  Petitioner has also filed a Motion to Stay the disposition of his Amended Petition pending further supplemental briefing from himself, and he has now filed that supplemental briefing.  See ECF Nos. 17, 18.[1]  The Motion is thus ripe for disposition.  For the reasons that follow, the Court will grant the Motion to Dismiss and dismiss the Petition for lack of jurisdiction.

I.  BACKGROUND

Petitioner is an inmate at FCI Fairton where he is currently serving a 420-month sentence for transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1), (b)(1) and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).  No. 2:09-cr-831, ECF No. 372 (C.D. Cal.).  Petitioner was convicted of these crimes by jury in the U.S. District Court for the Central District of California.  See id.  During Petitioner's criminal proceedings, Petitioner made numerous attempts to represent himself between September 14, 2009 and April 22, 2010, which the Central

---

[1] The Court notes that Petitioner has titled his supplemental briefing as a "Motion for Leave to Amend; First Amended Petition."  In this document, it is clear that Petitioner simply seeks to supplement the arguments in support of the Court's jurisdiction over his Amended Petition.  The Court will consider the supplemental argument contained in this filing but, for administrative purposes, dismiss as moot this filing to the extent that it has been docketed as a Motion for Leave to Amend as well as the Motion to Stay.

2

District of California found to be equivocal and denied. No. 2:09-cr-831, ECF No. 537 at 1 (C.D. Cal.). That court, however, found Petitioner's request made on April 22, 2010, to be unequivocal and permitted him to proceed pro se, after which Petitioner was then convicted on all counts by jury and sentenced to 420 months' imprisonment. See id.

Petitioner first challenged his conviction through direct appeal. See No. 2:09-cr-831, ECF No. 374 (notice of appeal) (C.D. Cal.); see also United States v. Berry, 554 F. App'x 574 (9th Cir. 2014) (direct appeal). On appeal, Petitioner argued that he should not have been permitted to represent himself on and after April 22, 2010, because his request was equivocal. See Berry, 554 F. App'x at 575. The Court of Appeals for the Ninth Circuit denied his appeal. Id.

Petitioner then challenged his conviction by collateral attack pursuant to 28 U.S.C. § 2255. See No. 2:09-cr-831, ECF No. 508 (§ 2255 motion) (C.D. Cal.). In his § 2255 motion, Petitioner argued that the Central District of California erred in failing to grant him pro se status when he requested to proceed pro se during the time period of September 14, 2009, until April 22, 2010, and that, during this time, his counsel was ineffective. See No. 2:09-cr-831, ECF No. 537 (denial of § 2255 motion) (C.D. Cal.). Petitioner's § 2255 motion was also denied. See id.

This Court received Petitioner's Amended Petition pursuant to § 2241 on December 18, 2018. See ECF No. 4. In his Amended Petition, Petitioner raises similar arguments to his § 2255 motion and seeks relief from his conviction pursuant to 28 U.S.C. § 2241, because he was not permitted to proceed pro se in a timely manner during his criminal prosecution, as a result of which he alleges he was prejudiced because his appointed counsel failed to properly represent him. See id.

II. DISCUSSION

A. Legal Standard

Title 28, Section 2243 of the United States Code provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult,

708 F.3d 140, 148 n.3 (3d Cir. 2013); see also 28 U.S.C. §§ 2243, 2241, 2254.

B. Analysis

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." See 28 U.S.C. § 2255(e). In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), when a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil,

5

119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the Supreme Court of the United States, may not have been criminal conduct at all. Id. at 251-52.

Under Dorsainvil and its progeny, this Court can exercise § 2241 jurisdiction over this Petition if, and only if, Petitioner demonstrates: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. See Dorsainvil, 119 F.3d at 251-52; Okereke, 307 F.3d at 120; Trenkler v. Pugh, 83 F. App'x 468, 470 (3d Cir. 2003).

Here, Petitioner's claims do not fall into the Dorsainvil exception. Specifically, he does not allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Instead,

his claims relate to his requests to proceed pro se and the adequacy of his representation. Petitioner thus seeks to re-litigate issues he has already litigated on direct appeal and by collateral attack pursuant to § 2255 in his district of conviction. Petitioner "cannot use § 2241 as a forum for repeating these claims in the District Court." Diaz-Pabon v. Warden, 160 F. App'x 251, 254 (3d Cir. 2005). Furthermore, although Petitioner may disagree with the denial of his § 2255 motion and the reasoning expressed therein, "a previous denial of § 2255 relief does not render § 2255 inadequate or ineffective." Id. (citing Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002)). To the extent Petitioner asserts that a procedural bar renders § 2255 habeas relief inadequate or ineffective, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 538. Accordingly, this Court lacks jurisdiction to entertain Petitioner's challenge to his conviction and sentence under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in

which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631.  The Court will decline to construe the petition as a motion pursuant to 28 U.S.C. § 2255 and transfer it to Petitioner's sentencing court because it does not appear that Petitioner can satisfy the timeliness requirements of § 2255(f).  The Court's decision not to transfer the case does not prevent Petitioner from seeking relief from his sentencing court by filing a second motion pursuant to 28 U.S.C. § 2255 on his own.

III. CONCLUSION

For the foregoing reasons, the Petition will be dismissed due to a lack of jurisdiction.  An appropriate order will be entered.


Dated: October 23, 2019          s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.